**ATATEKS FOREIGN TRADE LTD. et al., Plaintiffs,**

v.

**Christine DENTE, Defendant.**

**No. 11 Civ. 1892(VM).**

United States District Court, S.D. New York.

July 15, 2011.

Eric Joseph Grannis, Law Offices of Eric J. Grannis, New York, NY, Sheryl Mintz Goski, Herold and Haines PA, Warren, NJ, for Plaintiffs.

Andrew Todd Miltenberg, Nesenoff & Miltenberg, L.L.P., New York, NY, for Defendant.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

Plaintiffs Atateks Foreign Trade Ltd., Jordan and Atateks Dis Ticaret A.S. (together, "Atateks") brought this action on March 18, 2011, against defendant Christine Dente ("Dente") alleging violations of New York Debtor and Creditor Law. Atateks attached to its complaint a notice of pendency on an apartment owned by Dente. By letter dated June 3, 2011, Dente requested a pre-motion conference to address her contemplated motion to cancel the notice of pendency or, in the alternative, to require Atateks to post an undertaking. Atateks responded by letter dated June 7, 2011. The Court held a telephone conference with the parties on June 13, 2011, to discuss Dente's proposed motion. At the conclusion of the conference, Atateks agreed to amend its complaint to assert a claim for a constructive trust on the apartment. That claim, if properly stated, could warrant the filing of a notice of pendency.

On June 20, 2011, Atateks filed an amended complaint, which added a claim for a constructive trust. Also on June 20, 2011, Atateks submitted a letter in support of its theory that imposition of a constructive trust is appropriate here. In response, by letter dated June 29, 2011,

Dente asserts that the amended complaint fails to plead facts sufficient to state a claim for a constructive trust. The Court deems Dente's June 29, 2011 letter as constituting a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

■ "Under New York law, the equitable remedy of a constructive trust is appropriate when there is clear and convincing evidence of (1) a confidential or fiduciary relationship; (2) an express or implied promise; (3) a transfer in reliance on such a promise; and (4) unjust enrichment." *Martha Graham Sch. & Dance Found., Inc. v. Martha Graham Ctr. of Contemporary Dance, Inc.,* 380 F.3d 624, 646 (2d Cir.2004). "The fourth element is the most important since 'the purpose of the constructive trust is prevention of unjust enrichment.'" *In re First Cent. Fin. Corp.,* 377 F.3d 209, 212 (2d Cir.2004) (*quoting Simonds v. Simonds,* 45 N.Y.2d 233, 408 N.Y.S.2d 359, 380 N.E.2d 189, 194 (1978)). Dente argues that Atateks cannot state a claim for a constructive trust because Atateks fails to plead any facts to satisfy the first three elements. While Dente concedes that Atateks has pled some facts in support of the fourth element, Dente submits that those facts are insufficient as a matter of law.

■ The Court finds that Atateks's failure to allege a confidential or fiduciary relationship with Dente is fatal to its claim for a constructive trust. *See, e.g., Pons v. People's Republic of China,* 666 F.Supp.2d 406, 415 (S.D.N.Y.2009) (dismissing claim for constructive trust where plaintiff failed to allege a confidential or fiduciary relationship with the defendant); *DLJ Mortg. Capital, Inc. v. Kontogiannis,* No. 08 Civ. 4607, 2009 WL 1652253, at *4 (E.D.N.Y. June 4, 2009) (same); *see also Faulkner v. Arista Records LLC,* 602 F.Supp.2d 470,

484 (S.D.N.Y.2009) (dismissing claim for constructive trust where plaintiff alleged a fiduciary relationship, but court concluded that no such relationship existed).

There is language in some cases supporting the proposition that absence of a confidential or fiduciary relationship between the parties does not *"automatically* defeat [Atateks's] claim of constructive trust." *In re Koreag, Controle et Revision S.A.,* 961 F.2d 341, 353 (2d Cir.1992) (emphasis added). For example, the Second Circuit held that imposition of a constructive trust was appropriate where the subject of the constructive trust received the funds at issue while acting as liquidator of an insolvency estate. *See id.* at 353–54. The court reasoned that, although a fiduciary relationship between the parties may not have formed, the subject of the trust had received the disputed funds while "acting in *some* fiduciary capacity toward *some* entities." *Id.* at 354 (emphasis in original). Here, however, there are no similar considerations that warrant dispensing with the requirement of a confidential or fiduciary relationship between the parties, and Atateks has not identified any.

Accordingly, it is hereby

**ORDERED** that the motion to dismiss that the Court has deemed contained in the letter of June 29, 2011 (Docket No. 11) submitted by defendant Christine Dente is GRANTED as to the seventh cause of action asserted in the amended complaint (Docket No. 8) of plaintiffs Atateks Foreign Trade Ltd., Jordan and Atateks Dis Ticaret A.S.; and it is further

**ORDERED** that the Clerk of the City Register of the City of New York is directed to CANCEL the notice of pendency filed on March 18, 2011 by plaintiffs Atateks Foreign Trade Ltd., Jordan and Atateks Dis Ticaret A.S. against defendant Christine Dente and the premises situated in Block 544, Lot 22 of the Borough of New York, said premises alternatively being known as 443 Lafayette Street, Unit 5B, New York, New York.

**SO ORDERED.**